## BUTLER v. BALL.

*(Circuit Court, N. D. Ohio, E. D. April Term, 1886.)*

PATENTS—INFRINGEMENT—INJUNCTION PENDING ISSUE.
   Where a patent has been applied for on an invention, the court has jurisdiction to grant an injunction to restrain its infringement pending the hearing.

In Equity.
*Baldwin & Shields* and *Charles C. Upham*, for complainants.
*W. W. & J. J. Clark*, for respondent.

WELKER, J. The complainant claims to have invented a new and improved device for attaching memorandum tablets to telephones,

and described in his bill; and states that he has applied to the patent-office, under the statute, for a patent for his invention, which is now pending and yet undecided. He alleges that the defendant is making and selling his device, and so doing him irreparable damage, and asks an injunction pending the hearing. The defendant demurs to the bill for want of equity.

The question raised is whether the court has jurisdiction of the subject-matter before the complainant obtains his patent. Rev. St. § 629, provides that the circuit court shall have original jurisdiction "of all suits, at law or in equity, arising under the patent or copyright laws of the United States."

In Robb, Pat. 13, Justice WASHINGTON says:

"The general law declares beforehand that the right to the patent belongs to him who is the first inventor, even before the patent is granted; therefore any person, who, knowing that another is the first inventor, proceeds to construct a machine, acts at his peril, with a full knowledge of the law."

In *Jones* v. *Sewall*, 6 Fish. 343, Justice CLIFFORD says:

"Inventions lawfully secured by letters patent are the property of the inventors, and as such the franchise and the patented product are as much entitled to legal protection as any other species of property, real or personal. They are, indeed, property, even before they are patented, and continue to be such without that protection until the inventor abandons the same to the public."

It seems to me that the court, under these cases, is sustained in holding that the complainant is entitled to the relief prayed for while his application for a patent is pending, and therefore the demurrer is overruled.