ALMA I. WAGNER, EXECUTRIX, ESTATE OF ROBERT G. WAGNER, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32981. Promulgated June 26, 1931.

*George H. Koster, Esq.*, and *John B. Milliken, Esq.*, for the petitioner.

*R. W. Wilson, Esq.*, for the respondent.

OPINION.

McMahon : The question here presented is whether the respondent erred in computing the gain in 1920 upon the sale of the Briterlite patented invention for $85,000. Respondent contends that the invention on March 1, 1913, which was prior to the date application for patent upon such invention was filed, and before a patent was issued, had no value. It is the contention of the petitioner that the invention had a fair market value on that date of at least $100,000 and that the deficiency should be redetermined. There is no evidence as to the cost of the invention, and therefore, the basis to be used in the determination of gain upon the sale of the asset in question is its fair market price or value at March 1, 1913. Section 202 (a) (1) of the Revenue Act of 1918. See also *Goodrich* v. *Edwards*, 255 U. S. 527. The petitioner does not contend that a loss was sustained upon the sale.

Petitioner contends that an invention, prior to the time the patent is issued thereon and even prior to the date that an application for a patent is filed, is property capable of being valued, citing, among other cases, *Hershey Manufacturing Co.*, 14 B. T. A. 867; *Hendrie* v. *Sayles*, 98 U. S. 546; and *Butler* v. *Ball*, 28 Fed. 754. However, in the view we take of the evidence in this proceeding, we do not deem it necessary to determine whether or not this contention of petitioner is correct.

Even if we assume, for the purpose of argument only, that the Briterlite invention on March 1, 1913, was valuable property, the evidence does not establish its fair market price or value at that time. At March 1, 1913, the decedent and Schweitzer did not have exclusive right to manufacture and sell the Briterlite, since no patent had been granted thereon. See *Gayler* v. *Wilder*, 10 How. 476. Furthermore, from a consideration of all the evidence, we do not believe that the issuance of a patent upon the Briterlite was assured at March 1, 1913. At that time decedent and Schweitzer had not even filed an application for patent, and there was a patented invention, the Brascolite, which was quite similar to the Briterlite. The Brascolite patent had been in litigation and its limitations had not been clearly defined. There is no evidence whatsoever in the record as to the fair market price or value of the Briterlite invention or the rights of the decedent and Schweitzer therein at March 1, 1913. It follows that the determination of the respondent must be approved.

*Judgment will be entered for the respondent.*